STATE *vs.* WALTER P. PRATT.

*Criminal Law—Forgery—Filling in Amount of Promissory Note by Maker after Endorsement for Larger Amount than Endorser Authorized—Evidence— Affidavit of Defense.*

1. Forgery is the fraudulent making or alteration of a writing to the prejudice of another man's rights.

2. In a trial where the alleged forgery consists in the filling in by the maker of a promissory note, after endorsement, of an amount in excess of the authority granted to him by the endorser, it is incumbent on the State, in order that a conviction may be had, to prove not only that the defendant filled in the amount in excess of the authority granted to him, but that he did so with the intent to defraud the endorser.

3. If the defendant was authorized by the endorser to fill in the blank without limit, and either by word or act, prior to the filling in of the amount, that authority was expressed, the defendant should not be convicted.

4. In such trial the affidavit of defense filed by the endorser in a civil action against him on the note in question, stating the nature of his defense thereto, is admissible in evidence.

*(April 30, 1901.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Herbert H. Ward,* Attorney-General, and *Robert H. Richards,* Deputy Attorney-General, for the State.

*Henry Ridgely, Jr.*, and *Alexander M. Daly* for the defendant.

Court of General Sessions, Kent County, April Term, 1901·

INDICTMENT FOR FORGERY. The indictment contained two counts. The first count charged the defendant with making and forging a certain instrument purporting to be a promissory note, and set out said instrument. The second count charged him with uttering the same.

The State offered evidence tending to show the following facts, viz.: That on or about the twenty-eighth day of November, 1898, the defendant went to one George C. Rheims and told Rheims that it was necessary for him to raise about $110, to meet certain liabilities, and asked the former to indorse a promissory note in blank, which he did after Pratt, the defendant, had promised the endorser that he (Pratt) would fill out the note for $110. That said note was thereupon taken by Pratt to his own office in Clayton and was filled out by Pratt, in the presence of Henry Donelly, the other endorser, for $300, instead of $110. That Pratt thereupon, after signing said note as maker, negotiated it ; obtaining the money on it from said Donelly.

The State contended that by filling out the note for a greater amount than he had promised, the defendant committed the crime of forgery, and that procuring the money on same constituted the offense of uttering the alleged forged instrument.

At the conclusion of the State's evidence, defendant's counsel asked that the jury be instructed to acquit the defendant for the following reasons :

That admitting the facts proved by the State to be true, the crime of forgery had not been made out. That while the filling in of blanks for a greater amount than authorized might constitute the crime of forgery in a case where all or part of the money to be derived from a check or a note was to be paid to some one else, yet where the person accused of forgery is himself to get the money for his own purposes and where he is himself a party to the instru-

ment—in this case the maker of the note—it does not constitute the crime of forgery.

*A. and E. Ency. of Law, 1090,* and cases cited.

*Richards,* Deputy Attorney-General, opposed the motion; citing, *Rex vs. Hart, 7 Car. & Payne, 752; Queen vs. Wilson, 2 Car. & Kirwin, 527.*

There is no distinction between a case where the person who fills the instrument up gets the money and a case where a third person gets the money.    The gravamen of the crime is the fraudulent excess of authority.

*Ridgely, for defendant:*—My contentions are; *first,* that as Pratt was the maker of this note, and so understood by Rheims, and Rheims was to be the surety, then the filling in for a larger amount—unless Pratt intended to defraud Rheims, the surety—the former had a right to do, because he is a party.    The State has not shown that Rheims was liable for the note.    As Pratt was the maker, he had the right to fill it in as he did, if he paid the note. The State has not shown that Pratt intended by his act to defraud Rheims.    There is not sufficient evidence to go before the jury to show a criminal intent.

The cases cited by the learned Deputy Attorney-General do not apply to this case.    In those cases the accused were authorized to fill in a check or other instrument to pay somebody else, and instead of doing that they filled the same in for a larger amount, and either paid the other person the amount authorized and kept the balance, or kept the whole amount themselves.

Your Honors would not hold that every breach of trust is a forgery.    I hold that if any fraud has been committed it is not a case of forgery; and the State is bound to show that it is.    Where the authority given the accused is to use the money himself, then the prosecuting witness, if the person exceeds his authority, can only hold the accused for a breach of trust.

LORE, C. J.: —We cannot take this case from the jury.

*Mr. Ridgely*: —I would like to note an exception for what it is worth.

LORE, C. J.: —Take your exception, for what it is worth—perhaps it would come in better at another time.

*Mr. Ridgely:* —I will take advantage of it also in my prayers.

The defendant was produced, and denied that he had exceeded his authority in filling up the said note; stating that he had said to Mr. Rheims, when the latter had signed the back of the blank note, that he did not know just the amount he would require, and that Mr. Rheims said he did not want him (the defendant) to give him any trouble over it.

Counsel for defendant offered in evidence the affidavit of defense filed by George C. Rheims in a civil action against him on the note in question, stating the nature of his defense thereto.

The State objected on the ground of irrelevancy.

LORE, C. J.: —We think this paper is admissible.

Counsel for the accused submitted the following prayers to the Court:

*First.* That the jury must be satisfied beyond a reasonable doubt that the accused intended to defraud George C. Rheims.

*Second.* That even if the jury shall believe that the accused exceeded his authority in filling in the blank note, yet that they must be satisfied that he did so with the fraudulent intent of defrauding Rheims.

*Third.* That as the prisoner was one of the makers of the note, he had the right to fill in the blank note for any amount, provided he did not intend to defraud the other maker.

*Fourth.* That even if the jury shall believe that the accused exceeded his authority in filling in the amount in the blank note, yet that if Rheims, either by his words or actions, assented to the amount so filled in, this was a ratification of the act of the accused, and the jury must acquit him of forgery.

LORE, C. J., charging the jury:

Gentlemen of the jury:—Walter P. Pratt, the prisoner at the bar, is charged in the indictment with forgery, which is defined by *Greenleaf on Evidence* to be " the fraudulent making or alteration of a writing to the prejudice of another man's rights."

In this case the allegation is that it was the fraudulent and un-authorized filling up of a blank paper purporting to be a prom-issory note for an amount in excess of authority and with the intent to defraud George C. Rheims.

It is incumbent on the State, in order that a conviction may be had, to prove to your satisfaction, in this case, not only that Walter P. Pratt filled in the amount in excess of authority granted to him, but that he so did with the intent to defraud George C. Rheims. If the State has proved to your satisfaction, beyond a reasonable doubt, that the defendant had no authority to fill in the amount of $300, and that he did so fraudulently and with the intent to defraud George C. Rheims, then your verdict should be guilty.

We do not think that the doctrine of ratification applies to this case. It is rather a question of authority and to what extent the authority went.

If you, on the other hand, believe that Pratt was authorized by Rheims to fill in the blank without limit, and either by word or act, prior to the filling in of the amount, that authority was ex-pressed, then your verdict should be not guilty. And if you have any reasonable doubt of any one of the elements of the crime, as the Court have defined it, your verdict should be not guilty. By a reasonable doubt is meant a doubt based upon the evidence and

such as under your oaths as reasonable men, you feel you should entertain.

The jury disagreed.